TIFFANY S. BARNEY, ESQ.
Nevada Bar No. 9754
**ANTHONY L. BARNEY, LTD.**
3317 W. Charleston Blvd., Suite B
Las Vegas, NV 89102
Telephone: (702) 438-7878
Facsimile: (702) 259-1116
*Attorney for Absolute Collection Services, LLC,*
*Agent for Washington & Sandhill Homeowners*
*Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA, N.A., dba BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, a national corporation; SHAUN DONOVAN, SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C. 20410, a government entity; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | **Case No.:  2:13-cv-1845**<br><br><br>**PLAINTIFF'S REPLY BRIEF** |

**PLAINTIFF'S REPLY BRIEF**

Plaintiff, WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION, by and through its agency relationship with ABSOLUTE COLLECTION SERVICES, LLC, whose attorneys are of the law firm of ANTHONY L. BARNEY, LTD., hereby files its reply brief to Defendant's brief on the requested issue to be briefed by this court: the applicability or lack thereof of the Property and Supremacy Clauses of the Constitution of the United States, of *Rust*

1

*v. Johnson*, *US v. Kimbell Foods*, *Yunis v. United States*, and *Secy of Hous. And Urban Dev. ("HUD") v. Sky Meadow Assn*.  Plaintiff hereby replies as follows.

## I.  Introduction:

The Court is currently reviewing a motion to dismiss filed by Bank of America and HUD and requested supplemental briefing on the applicability of the Property and Supremacy Clauses of the US Constitution and the interpretation of these clauses by various cases.  The Property and Supremacy Clauses of the US Constitution do not apply in this case because 1) the property was foreclosed upon a private individual not an entity of the US government; 2) Bank of America, N.A. or its subsidiaries are not governmental entities; 3) lien priority should be governed by state law where federal law is silent; and 4) Defendants arguments lack merit; therefore, Defendants' motion to dismiss should be denied.

## II.  Applicable Facts:

Defendants do not dispute that Emiliano and Martha Renteria, the mortgagors and prior owners of 912 Swiss St., Las Vegas, NV 89110 ("Subject Property") became delinquent on their homeowners association assessments, from which arose a statutory lien in Plaintiff's favor.[1]  In attempting to obtain payment on the lien for delinquent assessments, Plaintiff proceeded through the lien foreclosure process pursuant to NRS §§ 116.3116-116.31168 against Emiliano and Martha Renteria, foreclosed on its perfected lien, and recorded its ownership interest with the Clark County Recorder's Office.  Plaintiff's foreclosure and recordation of its interest occurred before Bank of America foreclosed on its alleged first security interest.[2]  After Bank of

---

[1] See Defendants' Motion to Dismiss ("Motion to Dismiss"), page 4, lines 4-13; Plaintiff's Complaint, ¶¶ 26-27, 32-34.  Plaintiff is the homeowners' association, as defined under Nevada Revised Statutes ("NRS") § 116.011, of the Subject Property; See Plaintiff's Complaint, ¶ 2
[2] Motion to Dismiss 4:4-13.

America's alleged foreclosure, Bank of America then purportedly transferred the Subject Property to HUD.[3]

## III.   Distinguishing Characteristics of Cases

This Court requested a review of cases and their applicability herein for which Plaintiff provides the following table to show the distinguishing facts of these cases and this matter:

| Referenced Case: | Facts from Referenced Case: | Distinguishing Facts of This Case: |
|---|---|---|
| *Rust v. Johnson* 597 F.2d 174 (9th Cir. 1979) | Foreclosure occurred while federal government owned property | Foreclosure occurred before federal government allegedly came into ownership of the property. Plaintiff's foreclosure was against private owners not the federal government. |
| *United States v. Kimbell Foods, Inc.* 440 US 715 (1979) | Government was a voluntary lender or held security interest in property. | Government program provided insurance to a private lender (i.e. did not lend money) and did not hold a choate security interest in the property. An alleged ownership interest came after a private corporation allegedly filed a claim against an alleged mortgage insurance policy. |
| *Yunis v. United States*, 118 F. Supp. 2d 1024 (C.D. Cal. 2000) | Foreclosure occurred while federal government owned property. | Foreclosure occurred before federal government allegedly came into ownership of the property. Plaintiff's foreclosure was against private owners not the federal government. |
| *HUD v. Sky Meadow Assoc'n*, 117 F. Supp. 2d 970 (C.D. Cal. 2000) | Foreclosure occurred while federal government owned property. | Foreclosure occurred before federal government allegedly came into ownership of the property. Plaintiff's foreclosure was against private owners not the federal government. |

## IV.   Legal Authority and Argument

A.  **The United States did not own the Property at the time Plaintiff foreclosed; therefore, the Property and Supremacy Clauses of the US Constitution have not been infringed**.

Under the Property Clause of the US Constitution that only "Congress has the Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States"[4] ("Property Clause").  According to the US Supreme Court property is defined as "all other personal and real property ***rightfully belonging*** to the

---

[3] Complaint ¶¶ 36-37, Exhibit 12 to Complaint and incorporated therein.

United States."[5]   *Rust v. Johnson*, *Yunis v. United States,* and *HUD v. Sky Meadow Ass'n* cited above ("Government-Owned Property Cases"), all involve land "rightfully" belonging to the United States government for which cities or private entities attempted to foreclose the government's property interest and were prohibited from doing so under the Property Clause.

Herein, the Subject Property herein does not rightfully belong to the United States.  In Nevada, legal and equitable title are held by the mortgagor.  The Nevada Supreme Court has stated that the equitable mortgage or lien theory prevails in Nevada such that "a mortgage does not pass title to the mortgagee".[6]  Title remains in the mortgagor and the mortgagee holds a lien upon the property only.[7]

The private mortgagors or title owners of the Subject Property at the time Plaintiff's delinquent assessment lien was recorded and foreclosed were Emiliano and Martha Renteria. Bank of America did not hold legal or equitable title in the Subject Property at any time during Plaintiff's lien foreclosure process.  Bank of America's interest was merely a security interest or lien subject to the priority statutes of NRS § 116.3116 et. seq.  Although unsubstantiated from the court record, HUD was possibly an insurer on Bank of America's loan and its interest would not arise unless and until Bank of America made a claim under a possible insurance policy.[8]

---

[4] US Const., Art. IV, Sec. 3 cl.2.

[5] *Ashwander v. Tenneessee Valley Authority*, 297 US 288, 331 (1936)(emphasis added), cited by *HUD v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 976 (C.D. Cal 2000).

[6] *Hannig v. Conger*, 54 Nev. 388, 394 (1933); *Flyge v. Flynn*, 63 Nev. 201, 224 (1946)(In the operation of the equitable mortgage or lien theory, no title passes to the mortgagee by virtue of the mortgage, and foreclosure and sale are always essential before the mortgagor is deprived of the property.)

[7] NRS § 40.050 provides that "a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to take possession of the real property without a foreclosure and sale."

[8] It appears that the alleged transfer from Bank of America, a private corporation, to HUD, a government entity, was executed after a possible claim was submitted under a single family mortgage insurance policy provided through HUD.  Plaintiff is not privy to this transaction.  It is unclear what type of information Bank of America supplied to HUD to effectuate the alleged transfer.  This is an important issue for which discovery is needed.  If this was an FHA loan, then the legitimacy of the insurance claim submitted by Bank of America to HUD is called into question as well as HUD's knowledge of Plaintiff's ownership interest in the Subject Property.  Because this is a

Notwithstanding this lack of evidence on the record, this Court has on record that the Plaintiff's foreclosure occurred against private individuals and Plaintiff's ownership interest was obtained from private individuals.  HUD did not purportedly receive an interest until Bank of America, a private corporation, proceeded with two different alleged foreclosure sales against private mortgagors.[9]  Taking Plaintiff's facts as true, this Court must find that Plaintiff's foreclosure occurred between private individuals and a private entity, and that Plaintiff acquired ownership before the United States acquired a purported interest in the property.

Contrary to Defendants' assertion, this case is not similar to *Sky Meadow* or *Rust*.  The fact that the federal government was not the owner of the Subject Property when Plaintiff foreclosed is a distinction with a great difference.[10]  With Defendants reasoning, no matter what role the government plays in mortgage lending – even if it is a voluntary insurer – a creditor could not foreclose on a lien against a defaulting private individual/entity without the federal government asserting its rights under the Property Clause of the US Constitution and preventing the unrestrained disposition of property between creditors, private entities and individuals.[11] This would change the entire landscape of creditor actions and lien law in every state.

Notably, there is a real issue of the possible violation of the Fifth Amendment by the United States.  If the motion to dismiss is granted, Plaintiff's property will have been taken for public use without just compensation or the payment of its ownership interest (derived from the foreclosure of its perfected lien on the Subject Property) for which it was entitled to recover pursuant to Nevada state law.  The United States is now challenging Plaintiff's only means of

---

motion to dismiss filed before discovery has ensued, all of this information is presently unavailable.  For this reason, the motion to dismiss should be denied.
[9] Complaint ¶¶ 17-37 and Exhibits 3-12 attached to Plaintiff's Complaint and incorporated therein.
[10] See Defendants Brief, Page 3, lines 25-28, page 4,
[11] See discussion in Section C below.

recovery or compensation from its foreclosed assessment lien – its ownership interest in the Subject Property – and, if title is quieted in HUD's favor, then HUD is in violation of the Fifth Amendment which prohibits the taking of private property for public use without just compensation.[12]

Likewise, The Supremacy Clause states that "this Constitution and the Laws of the United States…shall be the supreme Law of the land…" or in other words state legislation must yield to the interests of the federal government when it "interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs."[13]  The Government-Owned Property Cases hold that title to United States property can only be divested from the United States through congressional authority.  To invoke the Supremacy Clause of the United States, the property must therefore belong to the United States.  As discussed herein, the Subject Property does not rightfully belong to the United States; therefore, the Supremacy Clause does not have application herein.

Despite Defendants' assertions that *HUD v. Sky Meadow* represents the federal purpose in this case because Bank of America's loan was purportedly federally insured and property title purportedly passed to HUD in exchange for an insurance payment, Defendants fail to alert the court that the purported passage of title in exchange for the insurance payment occurred after Plaintiff had already become owner of the Subject Property.  Plaintiff is not quieting title to previously-owned property of the United States, but property acquired from private individuals which the United States is now attempting to take from Plaintiff for public use without just compensation.

---

[12] Fifth Amendment of US Const.  "…nor shall private property be taken for public use, without just compensation."
[13] US Const. Art. VI, cl. 2; United States v. Allegheny County, 322 US 174, 183 (1944).

In sum, Plaintiff asserts that Subject Property does not "rightfully belong' to the United States; therefore, the Property and Supremacy Clauses of the US Constitution have not been infringed.   If the motion to dismiss is granted, then the United States will have violated Plaintiff's Fifth Amendment right to compensation for the taking of its property for public use. Plaintiff respectfully requests that Defendants' motion to dismiss be denied.

**B. Bank of America is not a government sponsored entity so the Property and Supremacy Clauses of the US Constitution do not apply.**

The US Government may create government sponsored entity ("GSE") through Congress to perform a governmental purpose.[14]   Federal courts have found that GSE may or may not be federal instrumentalities for which various clauses of the US Constitution may or may not apply.[15]   From the public records available, it appears that Bank of America and its subsidiaries are private corporations and not government sponsored entities.[16]   Because Bank of America was a private lender who loaned money to private individuals herein; the Property and Supremacy Clauses of the US Constitution would not apply.

**C. The Priority of the Liens in this Matter Should be Determined by State Law.**

*US v. Kimbell Foods, Inc*., deals with a major issue that is analogous to this case – the priority of liens if and when the government is involved in a transaction.   Notably, in this case,

---

[14] US v. Wells Fargo Bank, et. al. 2013 US Dist LEXIS 175322, *5 (Nev., Dec. 11, 2013)

[15] *US v. Wells Fargo Bank*, *5 (GSEs are not "agencies, establishments, or instrumentalities of the United States" but "private corporations created by the government."); *Rust v. Johnson*, 597 F.2d 174, 176 (9th Cir. 1975) superseded by statute (Fannie Mae was a federal instrumentality), *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F. 3d 1401,1409 (9th Cir 1996) (Freddie Mac is not a government agency); Nev. ex rel. Hager v. Countrywide Home Loans Servicing, L.P., 812 F. Supp. 2d 1211 (Fannie Mae private is a privately-owned mortgage banker making secondary mortgage loans);  *Fed. Nat'l Mortg. Ass'n v. United States*, 379 F.3d 1303, 1305 (Fed. Cir. 2004) (Fannie Mae is a private, for-profit entity that provides liquidity for mortgage investments"); *Patriot, Inc. v. U.S. Dep't of Housing & Urban Dev*., 963 F. Supp. 1, 7 (D.D.C. 1997) (finding that Fannie Mae is not a government agency and does not issue regulations as a private entity); See also 12 U.S.C. § 4617(i)(10)(A) (A limited-life regulated entity is not an agency, establishment or instrumentality of the Untied States.)

[16] Because no discovery has been done in this matter, Plaintiff has only information acquired from the public domain such as the NV Secretary of State records.

the US government is not involved in the lien priority issues – the lien priority issues are by and between two private entities, Bank of America and Plaintiff.

By analogy, however, the *Kimbell* case can provide guidance to this case.  In *Kimbell* and its related case discussed therein, the US Government granted a loan and/or obtained an assigned security interest.  The court dealt with the priority of liens and outlined the differences between federal tax liens and "consensual" liens or liens, in which the United States is an ***involuntary*** creditor of delinquent taxpayers, compared to liens (or security interests obtained) in which it is a ***voluntary*** creditor, such as when it acts as a lender or guarantor.[17]  The court noted that even in the Federal Tax Lien Act of 1966, the US Government recognized the priority of many state claims over federal tax liens.[18]  It also noted the public policy rationale that "creditors who justifiably rely on state law to obtain superior liens would have their expectations thwarted whenever a federal contractual security interest suddenly appeared and took precedence."[19]  Therefore, the court held the following,

> The prudent course is to adopt the readymade body of state law as the federal rule of decision until Congress strikes a different accommodation.  Accordingly we hold that, absent a congressional directive, the relative priority of private liens and consensual liens arising from these Government lending programs is to be determined under nondiscriminatory state laws.[20]

Herein, we have a private lender.  The federal government was neither an involuntary nor voluntary creditor – only possibly a voluntary insurer of a private lender's loan.[21]  To comply with *Kimbell's* public policy rationale and allow creditors to justifiably rely on state law to obtain superior liens so their expectations are not thwarted if an unknown voluntary federal

---

[17] *US v. Kimbell Foods, Inc*., et. al, 440 US 715, 734 (1979).
[18] Id. at 738.
[19] Id. at 739.
[20] Id. at 740.
[21] Again, this is unknown because this case is at the motion to dismiss phase.  See footnote 8.

1  insurer suddenly appeared and took precedence, the lien priority scheme should be determined

2  by Nevada law.

3      Furthermore, the FHA or Mortgage Insurance Program through the FHA does not

4  include a lien priority scheme, if this insurance program was, in fact, utilized by Bank of

5  America in this case.[22]  If the FHA mortgage insurance program was utilized, then analogous to

6  *US v. Kimbell Foods, Inc*., the Court should adopt the lien priority state statutes under NRS

7  §116.3116, et. seq. for those creditors in Plaintiff's position.  It should also adopt normal

8  foreclosure procedure, that when a priority lien such as a super priority lien is foreclosed, all

9  junior liens are extinguished.[23]

10     Lastly, the *Kimbell* court also discussed the first in time and choate lien test and whether

11 notice was given of an interest in the property.  Although the applicability of these doctrines is

12 questionable to this case where the United States purportedly acted only as a voluntary insurer,

13 Plaintiff meets the first in time and choate lien test.  Plaintiff's Covenants Conditions and

14 Restrictions were recorded prior to the Deed of Trust on the Subject Property, providing notice

15 to Defendants of the homeowners association's ability to lien the property for assessments.[24]  It

16 also recorded and provided its assessment lien to all holders of the security interests of record.[25]

17 Applicable notice of the lien was provided to all interested parties pursuant to NRS §

18 116.3116(5).[26]

---

[22] See 12 USC § 1701, et. seq.

[23] In this instance, a junior lien would include a first security interest pursuant to NRS 116.3116(2).  See also NRS §§ 116.31162 – 116.31168 for the lien foreclosure statutes.

[24] Complaint ¶¶ 14 and Exhibit 1 attached to Complaint and incorporated therein.  See also NRS § 116.3116(5) which states that "Recording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required."

[25] Complaint ¶ 18 and Exhibit 3 attached hereto and incorporated therein as Exhibit 3.

[26] Notably, the US Government did not provide notice to Plaintiff of any interest it might have had in the property, because it appears it was simply an insurance provider under a loan offered by a private company.  Therefore, it would not meet the first in time and choate test.

**D. The Defendants arguments lack merit and are not appropriate on a motion to dismiss.**

In Defendant's brief, Defendant wrongfully asserts that Plaintiff waived its ownership right by later recording assessment liens.  They cite § NRS 118.31168(2) in favor of this position;[27] yet this statute allows an association to withdraw a notice or any proceeding to foreclose, which did not occur in this matter.  Plaintiff proceeded with the foreclosure of its lien and obtained an ownership interest in the Subject Property.[28]  Any later recorded liens would have simply been against Plaintiff's ownership interest.

Secondly, the Defendants request that this court adopt a rule regarding judicial sale on its motion to dismiss motion.  This is wholly inappropriate.  The court is to look at the evidence before it on a motion to dismiss and determine whether Plaintiffs' claims can be dismissed as a matter of law, not create "a rule requiring homeowners' associations to proceed judicially."[29] All of Defendants' requests in their brief should be denied.

**V.   Conclusion**

WHEREFORE, Plaintiff hereby requests that this Court deny Defendants' motion to dismiss and their requested relief in their brief; award Plaintiff's relief requested in the Complaint, Opposition to Defendants' motion to dismiss, and herein; and award any other and further relief that the Court may deem just and proper in the premises.

DATED this 22nd day of August, 2014.

Respectfully Submitted,

Tiffany S. Barney, Esq
*Attorney for Plaintiff*

---

[27] Defendants' Brief, Page 2, lines 19-27.
[28] Complaint ¶¶ 18-27 and Exhibits 3-8 of Complaint and incorporated therein.
[29] Defendants' Brief, Page 6, lines 4-6.

### CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of Anthony L. Barney, Ltd., and that on the 22nd day of August, 2014, I caused the foregoing document entitled **PLAINTIFF'S REPLY BRIEF** to be served by electronic transmission through the CM/ECF system of the United States District Court in the District of Nevada to the following parties:

Ariel E. Stern, Esq.
Steven G. Shevorski, Esq.
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
*Attorney for Defendants Bank of America and HUD*

_____
Employee of Anthony L. Barney, Ltd.