# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION,  ) ) ) | Case No.: 2:13-cv-01845-GMN-GWF |
| Plaintiff,  ) ) | |
| vs.  ) ) | **ORDER** |
| BANK OF AMERICA, N.A., dba BAC HOME LOANS SERVICING, L.P., a national corporation; SHAUN DONOVAN; SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON D.C. 20410, a government entity; DOES I through X; and ROE BUSINESS ENTITIES I through X,  ) ) ) ) ) ) ) ) | |
| Defendants.  ) ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. ("BOA") and Defendant Department of Housing and Urban Development ("HUD") (collectively "Defendants") on November 15, 2013.  Plaintiff Washington & Sandhill Homeowners Association ("HOA") filed their Response to the Motion to Dismiss (ECF No. 12) on November 27, 2013, and Defendants filed their Reply (ECF No. 13) on December 9, 2013.

## I.    BACKGROUND

This case arises out of a dispute between the parties over the effects of HOA's foreclosure on their "super-priority" interest in real property under Nevada Revised Statutes § 116.3116.  The relevant facts are as follows:

On May 1, 2008, Emiliano and Martha Renteria obtained title to a property located at 912 Swiss Street, Las Vegas, NV 89110 (the "Property"). (Grant, Bargain, and Sale Deed, ECF No. 9-1.)[1]  The Renterias financed their purchase of the Property by obtaining a $147,387 loan from IndyMac Bank, FSB (IndyMac) that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 9-2.)  The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Fidelity Nation Title ("Fidelity") as trustee granted MERS standing to foreclose and to substitute a trustee under the deed. (*Id.*)  The Deed of Trust was also insured by HUD through the Single Family Mortgage Insurance Program.[2] (*Id.* at 4–5, 7 ¶¶ 2–3, 18; *see also* Beltran Decl., ECF No. 23 (explaining the relationship of HUD to the Deed of Trust).)

The Renterias defaulted on their loan in September of 2009 and a Notice of Breach and Default and of Election to Cause Sale was recorded on the Property on February 11, 2010. (Notice of Breach, ECF No. 9-3.)  Then on April 14, 2010, MERS executed an Assignment of Deed of Trust, assigning their interest under the Deed of Trust to BOA. (Assignment of Deed

---

[1] The Court takes judicial notice of Exhibits A-Y (ECF Nos. 9-1–9-25) of Defendants' Motion to Dismiss.  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

[2] In *Secretary of Housing & Urban Development v. Sky Meadow Association*, the court explained the purpose and process of this type of insurance as follows:

> Under the Single Family Mortgage Insurance Program, HUD insures mortgages issued by private lenders (commonly known as FHA insurance) on single family homes pursuant to a congressional mandate to make decedent housing available to all citizens. 12 U.S.C. § 1709.  By insuring the mortgage, HUD encourages private lenders to make loans to individuals who would not otherwise qualify for a loan.  This program substantially increases the number of low to moderate income families who can purchase a home.  The regulations implementing the program are found at 24 C.F.R. Part 203.

> Under the FHA insurance program, if the borrower defaults, the private lender may foreclose and if the successful bidder, may convey the title to HUD. 24 C.F.R. §§ 203.355(a); 203.359(a). The lender (mortgagee) then submits an insurance claim, known as a Single Family Application for Insurance Benefits, for payment of its losses, as PNC did here. 24 C.F.R. § 203.65.  HUD then disposes of the property pursuant to its property disposition program. 24 C.F.R. part 291.

117 F. Supp. 2d 970, 973–74 (C.D. Cal. 2000).

of Trusts, ECF No. 9-4.)  A Certificate of Compliance with Nevada's mediation foreclosure program was recorded on May 21, 2010. (Cert. of Compliance, ECF No. 9-5.)  After recording several Notices of Sale that did not result in a sale of the Property, a Notice of Trustee's Sale was recorded on the Property on May 10, 2012, (May 2012 Notice of Trustee's Sale, ECF No. 9-9), and the Property was foreclosed upon on July 2, 2012. (July 2012 Trustee's Deed, ECF No. 9-10.)  Under the July 2012 Trustee's Deed, BOA assumed title to the Property. (*Id.*)  However, on December 27, 2012, BOA rescinded the Trustee's Deed, (Notice of Rescission, ECF No. 9-11), and a new Notice of Trustee's Sale was recorded on April 12, 2013, (April 2013 Notice of Trustee's Sale, ECF No. 9-12), which led to a new foreclosure sale on May 3, 2013. (May 2013 Trustee's Deed, ECF No. 9-13.)  Under the May 2013 Trustee's Deed, BOA again assumed title to the Property. (*Id.*)  Following this sale, BOA conveyed title to the Property by grant deed to HUD on May 17, 2013. (HUD Deed, ECF No. 9-14.)

The Property, however, is subject to a set of Covenants, Conditions, and Restrictions ("CC&Rs") recorded by HOA, which require the payment of homeowners' assessments to HOA by the title holder of the Property. (CC&Rs, ECF No. 1-1); *see also* (Complaint ¶ 14, ECF No. 1.)  The Renterias appear to have failed to pay these assessments, and on February 22, 2010, HOA executed a Notice of Delinquent Assessment Lien on the Property. (Notice of Delinquent Assessment Lien against Renterias, ECF No. 9-15.)  HOA subsequently recorded a Notice of Default and Elections to Sell on May 20, 2010, (Notice of Default, ECF No. 9-16), and a Notice of Trustee's Sale on March 20, 2012. (March 2012 Notice of Trustee's Sale, ECF No. 9-18.)  HOA then purchased the Property at a foreclosure sale under the Delinquent Assessment Lien on May 23, 2012, prior to BOA's foreclosure sales of the Property on July 2, 2012 and May 3, 2013. (July 2012 Trustee's Deed, ECF No. 9-10; May 2012 Trustee's Deed, ECF No. 9-19.)  HOA subsequently recorded two Releases of Delinquent Assessment Lien on July 24, 2012 and September 11, 2012. (Releases of Lien, ECF Nos. 9-20–9-21.)

On September 11, 2012, however, HOA recorded a Notice of Delinquent Assessment Lien against BOA's title to the Property. (Notice of Delinquent Assessment Lien against BOA, ECF No. 9-22.)[3] The notice demanded $4,983.00 from BOA as payment for HOA assessments owed by the title holder of the Property. (*Id.*) HOA then recorded a Notice of Default and Election to Sell against BOA's title to the Property on November 13, 2012. (Notice of Default against BOA, ECF No. 9-23.)[4] Then on May 23, 2013, HOA recorded a Notice of Trustee's Sale against BOA, which states "[y]ou are in default under the Notice of Delinquent Assessment LIEN, dated SEPTEMBER 11, 2012. Unless you take action to protect your property, it may be sold at public sale. … The owner of [the Property] as of the date of the recording of said lien is purported to be: BANK AMERICA, NA." (May 2013 Notice of Trustee Sale, ECF No. 9-24.) No foreclosure sale, however, occurred pursuant to this notice.

Additionally, on October 1, 2013, following BOA's transfer of its title claim on the Property to HUD, HOA recorded another Notice of Delinquent Assessment Lien against HUD's title to the Property. (Notice of Delinquent Assessment Lien against HUD, ECF No. 9-25.)[5] This notice demanded payment in the amount of $1,250.00 from HUD for HOA assessments owed by the title holder of the Property. (*Id.*)

Following its demands for payments of assessments based upon BOA and HUD's title in the Property, HOA changed its position and determined that it was the true title holder on the Property based upon the earlier foreclosure of its Delinquent Assessment Lien. HOA then

---

[3] This Notice of Delinquent Assessment Lien states: "This Notice of Delinquent Assessment is being given pursuant to … N.R.S. 116.3116 through 116.31168 et. Seq. … The reputed owner is: Bank of America N.A." Nevada Revised Statutes § 116.31162 provides: "the [HOA] may foreclose its lien by sale after all of the following occur: (a) The [HOA] has mailed … to the unit's owner … a notice of delinquent assessment which states … the name of the record owner of the unit."

[4] This Notice of Default states: "Owner: Bank America NA."

[5] This Notice of Delinquent Assessment Lien states: "This Notice of Delinquent Assessment is being given pursuant to … N.R.S. 116.3116 through 116.31168 et. Seq. … The reputed owner is: SECRETARY HOUSING & URBAN DEV."

initiated the present action on October 9, 2013, seeking a declaration from this Court quieting title to the Property in favor of HOA and awarding it monetary damages against BOA and HUD for slander of title. (Complaint ¶¶ 47–140, ECF No. 1.)

The Court conducted a hearing (ECF No. 18) on February 28, 2014 to consider whether this action should be stayed pending the answer of a certified question to the Supreme Court of Nevada regarding the effects of HOA's foreclosure on BOA's interest in the Property.  At the hearing, counsel for Defendants argued that HUD's presence in this case allowed this Court to resolve the issues without waiting for an answer from the Supreme Court of Nevada.  On July 31, 2014, the Court ordered (ECF No. 19) the parties to file supplemental briefing regarding the applicability, or lack thereof, of the Property and Supremacy Clauses of the Constitution of the United States due to the involvement of HUD in this case.  Defendants filed their Brief (ECF No. 20) on this issue on August 15, 2014, and HOA filed its Reply Brief (ECF No. 21) on August 22, 2014.

## II.   **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.  **DISCUSSION**

The underlying issue here is whether pursuant to Nevada Revised Statutes § 116.3116, HOA's May 23, 2012 foreclosure on the Property extinguished BOA's first security interest, rendering BOA's subsequent foreclosure and claim to title invalid.[6] (Complaint ¶¶ 26–29, 50–70, ECF No. 1.)  At the time of the February 28, 2014 hearing, whether the foreclosure of an association's interest that is given priority status under Nevada Revised Statutes § 116.3116 extinguishes a first security interest remained an open question that had not been directly addressed by the Supreme Court of Nevada. *Compare SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13-cv-01153-APG-PAL (D. Nev. July 25, 2013) (concluding that the HOA had established a likelihood of succeeding on the merits of its claim that foreclosure of

---

[6] Nevada Revised Statutes § 116.3116(2) provides that homeowners' association liens are prior to all other liens and encumbrances with certain exceptions.  One such exception is for "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).  However, under the so-called "super-priority" provision, the association's lien is prior to a first security interest "to the extent of" charges under § 116.310312 and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien." *Id.*

the super priority portion of the HOA lien extinguished a first recorded Deed of Trust) *with*

*Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, No. 2:13-cv-00164-RCJ-NJK, 2013

WL 2460452 (D. Nev. June 6, 2013) (granting summary judgment in favor of lender's assignee

and holding that the foreclosure of an HOA lien did not extinguish the first mortgage).  On

September 18, 2014, however, the Supreme Court of Nevada ruled that HOA foreclosures of

their super-priority lien under § 116.3116 does extinguish a first deed of trust on the property.

*SFR Investments Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, at *1 (2014).  Accordingly,

several of BOA's arguments in its Motion to Dismiss have now been explicitly rejected by the

Supreme Court of Nevada.

However, there are two other issues raised by Defendants in their Brief that they contend

resolve this case in their favor regardless of the statute's effects.  First, Defendants argue that

HOA waived its potential right to extinguish BOA's interest when it recorded multiple notices

to Defendants acknowledging Defendants' title to the Property and seeking assessment

payments based on their ownership. (BOA's Brief 2:17-3:5, ECF No. 20.)  Second, Defendants

argue that HUD's involvement in this case implicates the Property and  Supremacy Clauses of

the Constitution of the United States and prevents HOA was extinguishing BOA and HUD's

interest under state law. (*Id.* 3:6-4:7.)

**A.  Waiver**

In their Motion to Dismiss and Brief, Defendants argue that HOA's acknowledgement of

their right to title and attempt to collect assessments based on that title are actions so

inconsistent with HOA's present claims to have extinguished BOA's secured interest and to

hold title to the Property free and clear that HOA has waived these claims. (Mot. to Dismiss

6:25-7:12, ECF No. 9; BOA's Brief 2:17-3:5, ECF No. 20.)

Under Nevada law, "[w]aiver requires the intentional relinquishment of a known right."

*Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 152 P.3d 737,

740 (Nev. 2007).  Furthermore, "the waiver of a right may be inferred when a party engages in conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished." (*Id.*)

Here, HOA purchased title to the Property on May 23, 2013 by foreclosing on its lien for delinquent assessments. (May 2012 Trustee's Deed, ECF No. 9-19.)  Then, following BOA's foreclosure on the Property, HOA recorded three different documents asserting both BOA's title to the Property and HOA's demand for payment of assessments from BOA based upon that title. *See* (Notice of Delinquent Assessment Lien against BOA, ECF No. 9-22; Notice of Default against BOA, ECF No. 9-23; May 2013 Notice of Trustee Sale, ECF No. 9-24.) Additionally, after BOA transferred its interest in the Property to HUD, HOA then recorded another document, this time asserting that HUD's ownership of the Property obligated it to pay assessments to HOA. (Notice of Delinquent Assessment Lien against HUD, ECF No. 9-25.)

It is illogical for one party to claim complete ownership over property while simultaneously demanding payment from another for their ownership of the property during the same time period.  Accordingly, HOA's payment demands from Defendants based on their ownership of the Property are so inconsistent with HOA's later claim to have extinguished BOA's secured interest that these demands could potentially induce a reasonable belief that the right to extinguish BOA's interest has been relinquished. *See Reno Realty & Inv. Co. v. Hornstein*, 301 P.2d 1051, 1054 (Nev. 1956) ("Acceptance of rent clearly speaks an intent not to terminate a lease. … [H]aving received rent after notice of it the lessor is precluded from taking advantage of the forfeiture because it is a contradiction in terms to treat a man as a tenant and then treat him as a trespasser.") (internal quotations omitted).

Chapter 116, however, provides that the "rights conferred by it may not be waived," unless "expressly provided in this chapter." Nev. Rev. Stat. § 116.1104.  No section of the statute appears to permit HOA's waiver of its right to extinguish BOA's secured interest. *See*

*SFR Investments Pool 1*, 130 Nev. Adv. Op. 75, at *11 (quoting *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1153 (D. Nev. 2013)) ("Nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien.").  Therefore, if HOA has a right to extinguish BOA's interest under the statute, it could not have waived that right, and Defendants' waiver argument does not show that their Motion to Dismiss should be granted.

**B.  HUD's Insurance of the Mortgage on the Property**

At the February 28, 2014 hearing and in their Brief, Defendants' counsel argued that this case should not be stayed pending a certified question to the Supreme Court of Nevada because the involvement of a federal entity, HUD, necessitates dismissal of HOA's claims. (BOA's Brief 3:6-4:7, ECF No. 20.)  Therefore, HUD's interest in this case could entitle Defendants to dismissal of this case despite the recent holding of the Supreme Court of Nevada in *SFR Investments Pool 1*.

Under the Property Clause of the Constitution of the United States, only "Congress has the Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. CONST. art. IV, § 3, cl. 2.  Accordingly, title to United States' property can only be divested by an Act of Congress. *Beaver v. United States*, 350 F.2d 4, 8 (9th Cir. 1965).  Moreover, "[s]tate legislation must yield under the supremacy clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).  "In this manner, the supremacy clause seeks to avoid the introduction of the disparity, confusion, and conflict which would follow if the Government's general authority is subject to local controls." *Id.* (citing *United States v. Allegheny Cnty.*, 322 U.S. 174, 183 (1944)).

In their brief on the issue, Defendants assert that HUD's interest in the Property is protected by the Property Clause, which would prevent HOA from foreclosing on the Property and extinguishing the mortgage. (BOA Brief 3:6-4:7, ECF No. 20).  HOA, however, argues that its foreclosure was against the private interests of the Renterias and BOA, and that this case is distinguishable from all the cases relied upon by BOA because the federal property interest here did not arise until after HOA's foreclosure and extinguishment of the mortgage. (HOA's Brief 3:3-7:17, ECF No. 21.)  Therefore, because HOA's earlier foreclosure extinguished BOA's interest in the Property, HOA claims BOA never could have transferred its interest to HUD in the first place. (*Id.*)

However, though title to the Property was not conveyed to HUD until after HOA's foreclosure, (HUD Deed, ECF No. 9-14); (May 2012 Trustee's Deed, ECF No. 9-19), BOA's mortgage interest in the property was already insured by HUD at the time of the foreclosure. (Deed of Trust at 4–5, 7 ¶¶ 2–3, 18, ECF No. 9-2.)  It is settled law in the Ninth Circuit that a title or mortgage interest in real property held by a federal agency is federal property protected by the Constitution. *See Rust*, 597 F.2d at 179 (A party "cannot take any action … against property which would have the effect of reducing or destroying the value of a federally held purchase-money mortgage lien."); *see also Sky Meadow Ass'n*, 117 F. Supp. 2d at 978 ("[A] mortgage interest retained by [a federal agency is] a federal property interest.…  In absence of express congressional authority, the Supremacy Clause barred the foreclosure sale.").  While no court appears to have ever directly addressed the question of whether a federal agency's insurance of a mortgage creates a federal property interest protected by the Constitution, under the FHA insurance program, mortgagees must take action within a limited time after a default and, if they purchase the property at the foreclosure, mortgagees must then convey title to HUD. 24 C.F.R. §§ 203.355(a), 203.359(a).  Therefore, because a mortgagee must act on default and then must convey title to HUD should it purchase the property, it would not be a

significant extension of the Property Clause's protection to hold that HUD's insurance of a mortgage under the FHA insurance program created a federal property interest that can only be divested by an act of Congress.  However, this Court need not make such finding in order to rule in this case.

The Ninth Circuit has previously held that federal rather than state law applies in cases involving FHA insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding." *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (using federal law to override state law right of redemption to insure that FHA was reimbursed on its guarantee of a mortgage); *United States v. View Crest Garden Apartments, Inc.*, 268 F.2d 380, 383 (9th Cir. 1959) ("[T]he federal policy to protect the treasury and to promote the security of federal investment which in turn promotes the prime purpose of the Act—to facilitate the building of homes by the use of federal credit—becomes predominant.  Local rules limiting the effectiveness of the remedies available to the United States for breach of a federal duty cannot be adopted."); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) ("federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan.").  Therefore, in situations where a mortgage is insured by a federal agency under the FHA insurance program,[7] state laws cannot operate to undermine the federal agency's ability to obtain title after foreclosure and resell the property.  Accordingly, even though HOA would generally be able to conduct a foreclosure pursuant to Nevada Revised Statutes § 116.3116 that would extinguish a first secured interest, such a foreclosure in this case would "operate[] to impede or condition the implementation of federal policies and

---

[7] In *United States v. Pastos* the Ninth Circuit limited its prior holding in *Stadium Apartments* to FHA insured loans, finding the federal interest in those loan "distinguishable from the SBA and FmHA cases" because the federal interest in the case of SBA and FMHA loans did not override the interest of the individual states. 781 F.2d 747, 752 (9th Cir. 1986).

programs" and therefore "must yield under the supremacy clause of the Constitution to the interests of the federal government." *Rust*, 597 F.2d at 179.

Because a homeowners association's foreclosure under Nevada Revised Statutes § 116.3116 on a Property with a mortgage insured under the FHA insurance program would have the effect of limiting the effectiveness of the remedies available to the United States, the Supremacy Clause bars such foreclosures sales. *See Stadium Apartments*, 425 F.2d at 362–67; *View Crest Garden Apartments*, 268 F.2d at 382–83; *see also Rust*, 597 F.2d at 179 ("To sustain the action … in this case, we would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act.  [E]ngaging in a valid state function … does not render conduct constitutional or allow [a party] to sell property without protecting the federal interest. Accordingly, we hold that the foreclosure … was invalid under the supremacy clause of the United States Constitution.") (internal citations omitted).  Therefore, HOA's March 20, 2012 foreclosure was invalid under the United States Constitution.  As a result, HOA's claims for quite title and slander of title—which are premised on this foreclosure's extinguishment of the FHA insured mortgage interest—must be dismissed.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**.  HOA's Complaint (ECF No. 1) is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __25__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

Page 12 of 12